# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

Ronald Albert Bostdorf and Candice Jo Bostdorf

CHAPTER 13

CASE NO. 1 -bk-24- 02412 HWV

___ ORIGINAL PLAN
_1st_ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)

_0_ Number of Motions to Avoid Liens
_0_ Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ✔ Included | Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | Included | ✔ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | Included | ✔ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid $ 1,228.00 _____ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ 18,915.00 _____, plus other payments and property stated in § 1B below:

    | Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
    |---|---|---|---|---|---|
    | 3/2025 | 9/2029 | $307.00 | | $307.00 | $16,885.00 |
    | 9/2029 | 9/2029 | $802.00 | | $802.00 | $802.00 |
    | | | | | | |
    | | | | | | |
    | | | | | | |
    | | | | | Total Payments: | $17,687.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. CHECK ONE: (✓) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

        ( ) Debtor is over median income. Debtor estimates that a minimum of $ _____ must be paid to allowed unsecured creditors in order to comply with the Means Test.

2

B. <u>Additional Plan Funding From Liquidation of Assets/Other</u>

1. The Debtor estimates that the liquidation value of this estate is $ 0.00_____. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

__✔__ No assets will be liquidated. *If this line is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.*

____ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____ _____. All sales shall be completed by _____, 20___. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

   _____

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____
_____

2. **SECURED CLAIMS.**

A. <u>Pre-Confirmation Distributions</u>. *Check one.*

__✔__ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

____ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

3

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

**B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

\_\_\_ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

✔ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| PennyMac Loan Services, LLC | 33 Persian Lilac Drive, Etters, Pennsylvania 17319 | 8093 |
|  |  |  |
|  |  |  |

4

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

____ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

✔ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| PennyMac Loan Services, LLC | 33 Persian Lilac Drive, Etters, Pennsylvania 17319 | Per allowed claim ($318.00 est.) | | Per allowed claim ($318.00 est.) |
| | | | | |
| | | | | |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

✔ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

____ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

✔    None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*
___    Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

Case 1:24-bk-02412-HWV    Doc 21    Filed 02/10/25    Entered 02/10/25 12:08:32    Desc
Main Document    Page 6 of 16

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

F. <u>Surrender of Collateral.</u> *Check one.*

✔ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

___ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |
|  |  |
|  |  |

G. <u>Lien Avoidance.</u> *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

✔ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

7

Rev. 12/01/19

___ The Debtor moves to avoid the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder | | | |
|---|---|---|---|
| Lien Description For judicial lien, include court and docket number. | | | |
| Description of the liened property | | | |
| Liened Asset Value | | | |
| Sum of Senior Liens | | | |
| Exemption Claimed | | | |
| Amount of Lien | | | |
| Amount Avoided | | | |

## 3. PRIORITY CLAIMS.

### A. Administrative Claims

1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. <u>Attorney's fees</u>. Complete only one of the following options:

   a. In addition to the retainer of $ 0.00 already paid by the Debtor, the amount of $4,500.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

   b. $ _____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

   ✔ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

   ___ The following administrative claims will be paid in full.

8

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

B. <u>Priority Claims (including, certain Domestic Support Obligations</u>

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |
|  |  |

C. <u>Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)</u>. *Check one of the following two lines.*

✔ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

___ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

9

## 4. UNSECURED CLAIMS

### A. Claims of Unsecured Nonpriority Creditors Specially Classified. *Check one of the following two lines.*

___ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

✔ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
| American Education Services - Claim #9279559079PA1004 | Joint Claim by owed by Debtors (State Exemption Issue) | $6,295.00 | 9.5% | $7,932.40 |

### B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.

## 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES. *Check one of the following two lines.*

✔ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

___ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

6. **VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon**

   *Check the applicable line:*

   ___ plan confirmation.
   ___ entry of discharge.
   _✔_ closing of case.

7. **DISCHARGE: (Check one)**

   (✔) The debtor will seek a discharge pursuant to § 1328(a).
   (   ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

1. Section 4A continued.

| Creditor | Class | Principal | Interest | Payment |
|---|---|---|---|---|
| American Education Services - Claim 9279559079PA1003 | Joint Claim (State Exemption Issue) | $3,530.00 | 9.5% | $4,460.80 |

Dated: February 10, 2025

s/Chad J. Julius
Attorney for Debtor

s/Ronald Bostdorf
Debtor

s/Candice Bostdorf
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

12

IN THE UNITED STATES BANKRUPTCY COURT
OF THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: Ronald Albert Bostdorf, and :
       Candice Jo Bostdorf : Case No: 1-24-bk-02412-HWV
             Debtor, : Chapter 13

     Notice is hereby given that Ronald Albert Bostdorf and Candice Jo Bostdorf (the "Debtor") have filed a **1st Amended Chapter 13 Plan** (the "Plan"). The hearing on confirmation of the Plan of reorganization of the Debtor is scheduled for **March 19, 2025 at 9:30 a.m.** The hearing will be held at the United States Bankruptcy Court, Courtroom 4B of the Sylvia H. Rambo United States Courthouse, 1501 North 6th Street, Harrisburg, Pennsylvania 17102.

**March 12, 2025** is the deadline for filing objections to confirmation of the Plan. Anyone wishing to object to the Plan must do so in writing. Any objection shall be in accordance with the Federal Rules of Bankruptcy Procedure, must set forth specifically the basis for such objection, and must be filed with the Clerk of the United States Bankruptcy Court at the address set forth below on or before **March 12, 2025**. The objecting party shall appear at the hearing. Unless objections are timely filed and the objecting party appears at the hearing, the Court may approve the Plan. A copy of any objection to the Plan must be served on Debtor's counsel, 8150 Derry Street, Harrisburg, Pennsylvania 17111, facsimile 717-909-7878, such that they have receipt of such objection on or before **March 12, 2025**.

---

Initial requests for a continuance of hearing (L.B.F. 9013-4, Request to Continue Hearing/Trial with Concurrence) shall be filed with the Court. Requests received by the Court within twenty-four (24) hours of the hearing will not be considered except in emergency situations. Additional requests for continuance must be filed as a Motion.

Requests to participate in a hearing telephonically shall be made in accordance with L.B.R. 9074-1(a).

---

***Please note that evidentiary hearings will not be conducted at the time of the confirmation hearing. If it is determined during the confirmation hearing that an evidentiary hearing is required, the evidentiary hearing will be scheduled for a future date.***

     Copies of all documents filed in connection with this matter are available for inspection at the Clerk's office located on the 3rd floor of the Sylvia H. Rambo United States Courthouse, 1501 North 6th Street, Harrisburg, Pennsylvania 17102

                                      CLERK
                                      UNITED STATES BANKRUPTCY COURT
                                      MIDDLE DISTRICT OF PENNSYLVANIA
                                      THE SYLVIA H. RAMBO COURTHOUSE
                                      1501 N. 6th Street
Date: February 10, 2025              HARRISBURG, PA 17102

1

Case 1:24-bk-02412-HWV    Doc 21    Filed 02/10/25    Entered 02/10/25 12:08:32    Desc
Main Document    Page 13 of 16

# CERTIFICATE OF SERVICE

I, Dera Shade, with Jacobson, Julius & Harshberger do hereby certify that on this day I served the within *Notice to Parties in Interest and First Amended Chapter 13 Plan* upon the following persons via the ECF/CM or Certificated Mail system and/or by depositing a true and correct copy of the same in the United States Mail, first class, postage prepaid:

ECF/CM:
Jack N Zaharopoulos (Trustee)
8125 Adams Drive, Suite A
Hummelstown, PA 17036

U.S. Trustee
Box 302
Sylvia H. Rambo United States Courthouse,
1501 North 6th Street, Harrisburg, Pennsylvania 17102

VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED

American Education Services
1200 North 7th Street,
Harrisburg, Pennsylvania 17102
Certified Mail Number 7014 2870 0000 6722 1889

VIA FIRST-CLASS MAIL

All creditors on the mailing matrix (attached).


DATED: February 10, 2025            s/Dera Shade
                                    Dera Shade, Paralegal

2

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0314-1<br>Case 1:24-bk-02412-HWV<br>Middle District of Pennsylvania<br>Harrisburg<br>Mon Feb 10 12:05:18 EST 2025 | U.S. Bankruptcy Court<br>Sylvia H. Rambo US Courthouse<br>1501 N. 6th Street<br>Harrisburg, PA 17102-1104 | AES/PHEAA<br>Attn: Bankruptcy<br>Po Box 2461<br>Harrisburg, PA 17105-2461 |
| Affirm, Inc.<br>Attn: Bankruptcy<br>650 California St, Fl 12<br>San Francisco, CA 94108-2716 | American Education Services<br>Attn: Bankruptcy<br>Po Box 2461<br>Harrisburg, PA 17105-2461 | CFNA<br>Attn: Bankruptcy<br>Po Box 81315<br>Cleveland, OH 44181-0315 |
| CREDIT FIRST NA<br>PO BOX 818011<br>CLEVELAND, OH 44181-8011 | Cbna<br>Attn: Centralized Bankruptcy/Citicorp<br>Po Box 790034<br>St Louis, MO 63179-0034 | Cbusasears<br>Attn: Bnakruptcy<br>Po Box790040<br>St Louis, MO 63179-0040 |
| Citibank<br>Citicorp Credit Srvs/Centralized Bk dept<br>Po Box 790040<br>St Louis, MO 63179-0040 | Citibank N.A.<br>Citibank, N.A.<br>5800 S Corporate Pl<br>Sioux Falls, SD 57108-5027 | Citibank/The Home Depot<br>Citicorp Cr Srvs/Centralized Bankruptcy<br>Po Box 790040<br>St Louis, MO 63179-0040 |
| Comenity Bank/Bon Ton<br>Attn: Bankruptcy<br>Po Box 182125<br>Columbus, OH 43218-2125 | Comenity Bank/Value City Furniture<br>Attn: Bankruptcy<br>Po Box 182125<br>Columbus, OH 43218-2125 | Comenity/Big Lots<br>Attn: Bankruptcy Dept<br>Po Box 182125<br>Columbus, OH 43218-2125 |
| Comenity/MPRC<br>Attn: Bankruptcy<br>Po Box 182125<br>Columbus, OH 43218-2125 | ComenityCapital/Boscov<br>Attn: Bankruptcy Dept<br>Po Box 182125<br>Columbus, OH 43218-2125 | (p)DELL FINANCIAL SERVICES<br>P O BOX 81577<br>AUSTIN TX 78708-1577 |
| JPMorgan Chase Bank, N.A.<br>s/b/m/t Chase Bank USA, N.A.<br>c/o Robertson, Anschutz, Schneid,<br>Crane & Partners, PLLC<br>6409 Congress Avenue, Suite 100<br>Boca Raton, FL 33487-2853 | (p)JPMORGAN CHASE BANK N A<br>BANKRUPTCY MAIL INTAKE TEAM<br>700 KANSAS LANE FLOOR 01<br>MONROE LA 71203-4774 | Kohl's<br>Attn: Credit Administrator<br>Po Box 3043<br>Milwaukee, WI 53201-3043 |
| (p)DSNB MACY S<br>CITIBANK<br>1000 TECHNOLOGY DRIVE MS 777<br>O FALLON MO 63368-2239 | Members 1st FCU<br>Attn: Bankruptcy<br>Po Box 8893<br>Camo Hill, PA 17001-8893 | Members 1st FCU<br>Attn: Bankruptcy<br>Po Box 8893<br>Camp hill, PA 17001-8893 |
| National Collegiate Student Loan Trust 2003-<br>Po Box 4275<br>Norcross, GA 30091-4275 | National Collegiate Student Loan Trust 2005-<br>Po Box 4275<br>Norcross, GA 30091-4275 | National Enterprise Systems<br>29125 Solon Road<br>Solon, OH 44139-3442 |
| PSECU<br>Attention: Bankruptcy<br>Po Box 67013<br>Harrisburg, PA 17106-7013 | PSECU<br>PO BOX 67013<br>HARRISBURG, PA 17106-7013 | PennyMac Loan Services, LLC<br>Attn: Correspondence Unit<br>Po Box 514387<br>Los Angeles, CA 90051-4387 |

| | | |
|---|---|---|
| PennyMac Loan Services, LLC.<br>P.O. Box 2410<br>Moorpark, CA 93020-2410 | Quantum3 Group LLC as agent for<br>Comenity Capital Bank<br>PO Box 788<br>Kirkland, WA 98083-0788 | Resurgent Receivables, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| Synchrony Bank<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 | Synchrony Bank/Care Credit<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 | Synchrony Bank/HHGregg<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 |
| Toyota Financial Services<br>Attn: Bankruptcy<br>Po Box 259001<br>Plano, TX 75025-9001 | United States Trustee<br>US Courthouse<br>1501 N. 6th St<br>Harrisburg, PA 17102-1104 | Us Bank Na Retail Le<br>Attn: Bankruptcy<br>800 Nicollet Mall<br>Minneapolis, MN 55402-2511 |
| West Shore Surgery Center<br>2015 Technology Parkway<br>Mechanicsburg, PA 17050-9414 | Candice Jo Bostdorf<br>33 Persian Lilac Drive<br>Etters, PA 17319-9308 | Chad J. Julius<br>Jacobson, Julius & Harshberger<br>8150 Derry Street<br>Harrisburg, PA 17111-5212 |
| (p)JACK N ZAHAROPOULOS<br>ATTN CHAPTER 13 TRUSTEE<br>8125 ADAMS DRIVE SUITE A<br>HUMMELSTOWN PA 17036-8625 | Ronald Albert Bostdorf<br>33 Persian Lilac Drive<br>Etters, PA 17319-9308 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Dell Financial Services<br>Attn: Bankruptcy<br>P.O. Box 81577<br>Austin, TX 78708 | Jpmcb<br>MailCode LA4-7100<br>700 Kansas Lane<br>Monroe, LA 71203 | Macy's/ DSNB<br>Atytn: Bankruptcy<br>701 E. 60th Street North<br>Sioux Falls, SD 57104 |
| Jack N Zaharopoulos<br>Standing Chapter 13<br>(Trustee)<br>8125 Adams Drive, Suite A<br>Hummelstown, PA 17036 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)PENNYMAC LOAN SERVICES, LLC

End of Label Matrix
Mailable recipients   43
Bypassed recipients    1
Total                 44